# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| COURTNEY SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:19-cv-01140-LSC-SGC |
| LT. ASHLEY KIDD, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff, Courtney Smith, has filed a *pro se* complaint in this court on the form normally used to state claims pursuant to 42 U.S.C. § 1983. (Doc. 1). The plaintiff names the following defendants in the complaint: Holman Correctional Facility Lt. Ashley Kidd and "Sgt. Pattson Riot Team." (*Id.* at 1, 3). The plaintiff seeks monetary relief. (*Id.* at 4).

On August 14, 2019, the undersigned ordered the plaintiff to show cause why the court should not transfer this action to the United States District Court for the Southern District of Alabama. (Doc. 3). On August 26, 2019, the plaintiff filed a motion to transfer this action to the Southern District of Alabama. (Doc. 4). For the reasons that follow, the undersigned recommends the court grant the plaintiff's motion and transfer this action to the Southern District of Alabama.

The plaintiff currently is housed at Limestone Correctional Facility ("Limestone") in Harvest, Alabama, but previously was housed at Holman Correctional Facility ("Holman") in Atmore, Alabama. (Doc. 1 at 3). In his complaint, he alleges that while

an inmate at Holman he witnessed a group of "5 or 6 young guys" stabbing another inmate in his dorm. (*Id.*). The "police[]" (presumably corrections officers) chained the doors of the dorm. (*Id.*). Several hours later the riot team came into the dorm with shotguns and immediately began beating the plaintiff and other inmates. (*Id.*). The plaintiff demands monetary damages for false imprisonment, assault, and physical, mental, and emotional pain and suffering. (*Id.* at 4). In his motion to transfer venue, the plaintiff alleges Lt. Kidd and Sgt. Patton work at Holman and reside in Escambia County, Alabama. (Doc. 4).

Based on the allegations of the complaint and the plaintiff's motion to transfer, venue is not proper in the Northern District of Alabama. A federal action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b); s*ee also Nails v. Coleman Low Federal Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011). Only the events that directly give rise to a claim are relevant. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003).

The events made the basis of the plaintiff's complaint occurred in Atmore, Escambia County, Alabama, where Holman Correctional Facility is located, and the defendants reside in Escambia County. Escambia County is in the Southern District of Alabama. As such, in the interest of justice, this action is due to be transferred to the

United States District Court for the Southern District of Alabama. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case in the wrong . . . district shall dismiss, or it be in the interest of justice, transfer such case to any . . . district in which it could have been brought.").

For the foregoing reasons, the magistrate judge **RECOMMENDS** that the plaintiff's motion to transfer be **GRANTED** and this action be **TRANSFERRED** to the United States District Court for the Southern District of Alabama.

### Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

**DONE** this 29th day of August, 2019.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE